NOT FOR PUBLICATION



FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL BAUTISTA-LOPEZ, | No. 15-71402 |
| Petitioner, | Agency No. A079-143-798 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2018
Pasadena, California

Before:     GOULD and MURGUIA, Circuit Judges, and ZOUHARY,** District
Judge.

Daniel Bautista-Lopez, a Mexican native, petitions for review of the Board of

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Immigration Appeals (BIA) order dismissing his appeal of the denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the agency's factual findings for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant in part and deny in part the petition for review.

1.      Because the BIA relied on the IJ's analysis of Bautista-Lopez's credibility, "we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted). Under the applicable REAL ID Act standard, the IJ must consider the totality of the circumstances and provide "'a specific cogent reason' for the adverse credibility finding." *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ found Bautista-Lopez was not credible based on material discrepancies between his I-589 application and his hearing testimony.

In his I-589 application, Bautista-Lopez succinctly stated that he was kidnaped by locals, sold to the cartel, and beaten severely for three weeks because he refused to assist with the cartel's drug smuggling operations. However, he did not mention that his captors used bolt cutters to sever one toe and split open another, as he testified during the hearing. Nor did he mention the "crippled man" who tried to help him or

2

his family's efforts to secure his ransom—both prominent features of his hearing testimony. Bautista-Lopez explained that he did not mention these details earlier because he "forgot," which the IJ found "suspicious." The IJ also skeptically noted Bautista-Lopez's testimony that when he returned to the United States, he sought medical attention for a cut on his hand, but not his severed toe.

On appeal, the BIA concluded that these omissions and inconsistencies "were not minor, collateral details, but instead went to the core of his alleged fear of returning to Mexico." We agree. Thus, substantial evidence supports the IJ's adverse credibility determination and the BIA's denial of withholding of removal.

2. The next issue is the application for CAT protection. The evidence included the Mexico 2013 Human Rights Report (Mexico Report), which was admitted without objection. To demonstrate eligibility for CAT relief, "an alien must show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001)); *see also* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The IJ is required to consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3). "Even if the IJ correctly concluded that [the petitioner's] testimony, *by itself*, was insufficient to meet his burden under CAT, this conclusion

would not be dispositive because a CAT applicant may satisfy his burden with evidence of country conditions alone." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) (citing *Kamalthas*, 251 F.3d at 1284).

The IJ failed to address the Mexico Report in ruling on the CAT claim. Respondent contends this was not error because though the IJ must *consider* all relevant evidence, he or she is not required to "*discuss* each piece of evidence submitted." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (emphasis added). Instead, "general language that the agency 'considered all the evidence before [it]' is sufficient." *Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014) ("To say that there is 'no evidence in the record' clearly implies that the BIA has looked at all of the evidence in the record.").

But the IJ and BIA opinions in this case included no such "catch all" language. Therefore, we grant the petition for review of this claim and remand for consideration in the first instance of the CAT claim in light of the Mexico Report. *See Aguilar-Ramos*, 594 F.3d at 705 ("Because the BIA failed to reconsider the Country Report at all, the proper course of action is to remand with instructions that the BIA consider [Petitioner's] CAT claim in light of the Country Report."); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART,**

**AND REMANDED.**